# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| INVESCO SENIOR SECURED MANAGEMENT, INC., *et al.*, <br><br> Appellants, <br><br> v. <br><br> ROBERTSHAW US HOLDING CORP., *et al.*, <br><br> Appellees. | Civil Action No. 4:24-cv-02426 |
| In re: <br><br> ROBERTSHAW US HOLDING CORP., *et al.*, <br><br> Debtors.[1] | Chapter 11 <br><br> Bankruptcy Case No. 24-90052 (CML) <br><br> (Jointly Administered) |

## NOTICE OF APPEAL

Notice is hereby given that appellants Invesco Senior Secured Management, Inc.; Invesco Floating Rate Income Fund; Diversified Credit Portfolio Ltd.; Invesco Dynamic Credit Opportunity Fund; Invesco Floating Rate ESG Fund; Invesco Credit Partners Master Fund II, L.P.; Invesco Credit Partners Opportunities Fund 2020, L.P.; Invesco Private Credit Opportunities Holdco, LLC; Invesco Master Loan Fund; Milton Hershey School Trust; Invesco Senior Floating Rate Fund; Invesco Senior Income Trust; Invesco Senior Loan Fund; Sentry Insurance Company; Invesco SSL Fund LLC; Invesco Teton Fund LLC; Invesco Zodiac Funds - Invesco US Senior

---

[1] The debtors in the Chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are as follows: Range Parent, Inc. (7956); Robertshaw US Holding Corp. (1898); Robertshaw Controls Company (9531); Burner Systems International, Inc. (8603); Robertshaw Mexican Holdings LLC (9531); Controles Temex Holdings LLC (9531); Universal Tubular Systems, LLC (8603); and Robertshaw Europe Holdings LLC (8843). The primary mailing address used for each of the foregoing debtors is 1222 Hamilton Parkway, Itasca, Illinois 60143.

Loan ESG Fund; Invesco Zodiac Funds - Invesco European Senior Loan ESG Fund; Invesco Zodiac Funds - Invesco European Senior Loan Fund; Invesco Zodiac Funds - Invesco US Senior Loan Fund; Alinea CLO, Ltd.; Annisa CLO, Ltd.; Betony CLO 2, Ltd.; Carbone CLO, Ltd.; Milos CLO, Ltd.; Recette CLO, Ltd.; Riserva CLO Ltd.; Upland CLO, Ltd.; Verde CLO, Ltd.; and Kapitalforeningen Investin Pro, US Leveraged Loans I (collectively, "Appellants" or "Invesco"), appeal this Court's *Memorandum & Order* [Dkt. No. 77] (the "Order") entered on October 1, 2024 denying *Invesco's Emergency Motion for a Stay Pending Appeal* [Dkt. No. 4] to the United States Court of Appeals for the Fifth Circuit, pursuant to 28 U.S.C. § 158(d) and Rule 3(a) of the Federal Rules of Appellate Procedure. A copy of the Order is attached hereto as **Exhibit A**.

The parties to this appeal, and the names, addresses, and telephone numbers of their respective attorneys, are as follows:

| **Appellants** | **Appellants' Attorneys** |
|---|---|
| Invesco | **GLENN AGRE BERGMAN & FUENTES LLP**<br>Andrew K. Glenn<br>Kurt A. Mayr<br>Reid Skibell<br>Shai Schmidt<br>Agustina G. Berro<br>1185 Avenue of the Americas, 22nd Fl.<br>New York, New York 10036<br>Telephone: (212) 970-1601<br>Email: aglenn@glennagre.com<br>        kmayr@glennagre.com<br>        rskibell@glennagre.com<br>        sschmidt@glennagre.com<br>        aberro@glennagre.com<br><br>-and-<br><br>**HOLLAND & KNIGHT, LLP**<br>Mark C. Taylor<br>Texas Bar No. 19713225<br>Morris D. Weiss<br>Texas Bar No. 21110850 |

2

| | William R. "Trip" Nix<br>Texas Bar No. 24092902<br>100 Congress Ave., Suite 1800<br>Austin, Texas 78701<br>Telephone: (512) 685-6400<br>Email: mark.taylor@hklaw.com<br>morris.weiss@hklaw.com<br>trip.nix@hklaw.com |
|---|---|
| **Appellees**<br><br>Robertshaw US Holding Corp., Range Parent, Inc., Robertshaw Controls Company, Burner Systems International, Inc., Robertshaw Mexican Holdings LLC, Controles Temex Holdings LLC, Universal Tubular Systems, LLC, and Robertshaw Europe Holdings LLC | **Appellees' Attorneys**<br><br>Timothy A. ("Tad") Davidson II (Texas Bar No. 24012503)<br>Ashley L. Harper (Texas Bar No. 24065272)<br>Philip M. Guffy (Texas Bar No. 24113705)<br>**HUNTON ANDREWS KURTH LLP**<br>600 Travis Street, Suite 4200<br>Houston, TX 77002<br>Telephone: (713) 220-4200<br>Email: taddavidson@HuntonAK.com<br>ashleyharper@HuntonAK.com<br>pguffy@HuntonAK.com<br><br>-and-<br><br>George A. Davis<br>George Klidonas<br>Adam S. Ravin<br>Eric F. Leon<br>Kuan Huang<br>**LATHAM & WATKINS LLP**<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 906-1200<br>Email: george.davis@lw.com<br>george.klidonas@lw.com<br>adam.ravin@lw.com<br>eric.leon@lw.com<br>kuan.huang@lw.com |

3

| Appellees | Appellees' Attorneys |
|---|---|
| Bain Capital Credit, LP, Canyon Capital Advisors LLC, and Eaton Vance Management | **O'MELVENY & MYERS LLP**<br>Nicholas J. Hendrix (Texas Bar No. 24087708)<br>(Southern District of Texas Bar No. 2524989)<br>nhendrix@omm.com<br>2801 North Harwood Street, Suite 1600<br>Dallas, Texas 75201-2692<br>Telephone: (972) 360-1900<br><br>Peter Friedman<br>pfriedman@omm.com<br>Pamela A. Miller<br>pmiller@omm.com<br>Asher Rivner<br>arivner@omm.com<br>Times Square Tower<br>7 Times Square<br>New York, NY 10036<br>Telephone: (212) 326-2000 |
| **Appellee**<br><br>One Rock Capital Partners, LLC | **Appellee's Attorneys**<br><br>**KELLEY DRYE & WARREN LLP**<br>Sean T. Wilson (Texas Bar No. 24077962)<br>Elizabeth W. De Leon (Texas Bar No. 24127215)<br>515 Post Oak Blvd, Suite 900<br>Houston, Texas 77027<br>Telephone: (713) 355-5000<br>Email: swilson@kelleydrye.com<br>edeleon@joneswalker.com<br><br>-and-<br><br>**DEBEVOISE & PLIMPTON LLP**<br>Sidney P. Levinson<br>Erica S. Weisgerber<br>Mitchell A. Carlson<br>Molly B. Maass<br>66 Hudson Boulevard<br>New York, New York 10001<br>Telephone: (212) 909-6000<br>Email: slevinson@debevoise.com<br>eweisgerber@debevoise.com<br>mcarlson@debevoise.com<br>mbmaass@debevoise.com |

| | |
|---|---|
| Dated: October 1, 2024 | Respectfully submitted,<br><br>**GLENN AGRE BERGMAN & FUENTES LLP**<br><br>By: */s/ Andrew K. Glenn*<br>Andrew K. Glenn (admitted *pro hac vice*)<br>Kurt A. Mayr (admitted *pro hac vice*)<br>Reid Skibell (admitted *pro hac vice*)<br>Shai Schmidt (admitted *pro hac vice*)<br>Agustina G. Berro (admitted *pro hac vice*)<br>1185 Avenue of the Americas<br>New York, New York 10036<br>Telephone: (212) 970-1601<br>Email: aglenn@glennagre.com<br>          kmayr@glennagre.com<br>          rskibell@glennagre.com<br>          sschmidt@glennagre.com<br>          aberro@glennagre.com<br><br>-and-<br><br>**HOLLAND & KNIGHT, LLP**<br>Mark C. Taylor<br>Texas Bar No. 19713225<br>Morris D. Weiss<br>Texas Bar No. 21110850<br>William R. "Trip" Nix<br>Texas Bar No. 24092902<br>100 Congress Ave., Suite 1800<br>Austin, Texas 78701<br>Telephone: (512) 685-6400<br>Facsimile: (512) 685-6417<br>Email: mark.taylor@hklaw.com<br>          morris.weiss@hklaw.com<br>          trip.nix@hklaw.com<br><br>*Counsel to Invesco* |

5

**CERTIFICATE OF SERVICE**

    I certify that, on October 1, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States District Court for the Southern District of Texas.

                                                          */s/ Andrew K. Glenn*

**EXHIBIT A**

United States District Court
Southern District of Texas
**ENTERED**
October 01, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br>**ROBERTSHAW US HOLDING CORP.,** *et al.*,<br>*Debtors*,<br><br>**INVESCO SENIOR SECURED MANAGEMENT, INC.,** *et al.*,<br>*Appellants*. | CIVIL ACTION NO. 4:24-CV-02426<br><br>BANKRUPTCY CASE NO. 24-90052 (CML) |

## **MEMORANDUM & ORDER**

Robertshaw Holding Corp., *et al* ("Robertshaw Debtors") filed for bankruptcy on or about February 15, 2024. On or about June 21, 2024, the Bankruptcy Court entered its Order (the "Order") (I) Approving the Asset Purchase Agreement, (II) Authorizing the Sale of Assets, (III) Authorizing the Assumption and Assignment of Contracts and Leases, and (IV) Granting Related Relief.

Appellants Invesco Senior Secured Management, Inc., and its affiliated funds ("Invesco") request that the District Court stay the Order. If the Court declines to enter a stay of the Order, Invesco asks the Court for a temporary stay of 21 days so that it can seek relief from the Fifth Circuit Court of Appeals.

All of the issues raised by Invesco were addressed in the Bankruptcy Court's Memorandum Decision and Order ("Memorandum Decision") entered on June 26, 2024. The Memorandum Decision also lays out the pertinent facts and that narrative will not be repeated. This Court finds no error in the Memorandum Decision.

1

Invesco's strongest argument for a stay is that other investors in the Robertshaw Debtors tortiously interfered with Invesco's contractual relations with the Robertshaw Debtors. The Bankruptcy Court did find and hold that the Robertshaw Debtors had breached the terms of their contract with Invesco. The Bankruptcy Court also described, in detail, the role played by investors opposed to Invesco's interests.

All parties are agreed that the issue of tortious interference is governed by New York law. Under New York law, a party confronted with a charge of tortious interference may raise the "economic interest defense—that it acted to protect its own legal or financial stake in the breaching party's business . . . ." *White Plains Coat & Apron Co. v. Cintas Corp.*, 867 N.E.2d 381, 384 (N.Y. 2007). The party raising the economic interest defense need not be acting in the "economic interest of the breaching party" but can instead be acting "to protect *its own economic interest* in that breaching party." *Don King Productions, Inc. v. Smith*, 47 Fed. Appx. 12, 15 (2d Cir. 2002) (unpublished) (emphasis in original). However, the economic interest defense is not applicable when the party is acting to protect its own, independent economic interest to the detriment of the breaching party. *Wells Fargo Bank, N.A. v. ADF Operating Corp.*, 855 N.Y.S.2d 68, 69 (N.Y. App. Div. 1st Dept. 2008) ("The economic interest defense is not applicable because plaintiff alleged that defendants were not acting to protect their financial interests in ADF LI when they sold their interests to a third party, but rather sold to profit themselves to the detriment of ADF LI.").

New York courts have applied the economic interest defense where "defendants were significant stockholders in the breaching party's business; where defendant and the breaching party had a parent-subsidiary relationship; where defendant was the breaching party's creditor; and where the defendant had a managerial contract with the breaching party at the time defendant

2

induced the breach of contract with plaintiff." *White Plains*, 867 N.E.2d at 384. (collecting cases). The defense has also specifically been applied to equity sponsors like One Rock Bank. *Audax Credit Opportunities Offshore Ltd. v. TMK Hawk Parent, Corp.*, 150 N.Y.S.3d 894 (N.Y. Sup. Ct. 2021). Notably, the economic interest defense does not apply to competitors who lack a legal or financial stake in the breaching party's business. New York courts have held that "A defendant who is simply plaintiff's competitor and knowingly solicits its contract customers is not economically justified in procuring the breach of contract." *White Plains*, 867 N.E.2d at 384.

The rationale behind the economic interest defense is that "[p]rocuring the breach of a contract in the exercise of an equal or superior right is acting with just cause or excuse, and is justification for what would otherwise be an actionable wrong." *Felsen v. Sol Cafe Mfg. Corp.*, 249 N.E.2d 459, 461 (N.Y. 1969) (quoting *Knapp v. Penfield*, 256 N.Y.S. 41, 44. (N.Y. 1932)). Therefore, an economic interest provides a justification for the intentional procurement of a breach of contract.

Once the economic interest defense has been raised, "imposition of liability in spite of a defense of economic interest requires a showing of either malice on the one hand, or fraudulent or illegal means on the other." *WMW Mach. Co. v. Koerber AG*, 658 N.Y.S.2d 385, 386 (App. Div. 1997) (citing *Foster v Churchill*, 665 N.E.2d 153, 157 (N.Y. 1996)). Bad faith alone is not sufficient to overcome the economic interest defense. *Foster*, 665 N.E.2d at 157.

In this instance, the other investors were acting to protect their economic interests after learning of Invesco's secretive acts in furtherance of Invesco's own interests. As a result, there is no basis for a finding of tortious interference with contract under New York law.

Invesco emphasizes the likelihood that, in suing the Robertshaw Debtors, it will be left with an unsecured claim against defendants who have sold all their assets and are now left

3

judgment-proof. This may be true, but it is likewise true of most unsecured creditors in litigation against a debtor in bankruptcy.

The Court thanks all advocates for their writings and their oral advocacy. All of it has been of a very high quality. Invesco's request for a stay of the Order is **DENIED**. This Court retains jurisdiction of the pending appeal.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 1st day of October, 2024.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

4